# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY TYLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-293-M |
| ) | |
| PAUL A. KASTNER, WARDEN[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se* and currently confined at the Federal Correctional Institution, Medium, Petersburg, Virginia, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[2]

---

[1] Petitioner additionally named as a respondent, B. Edward, Unit Manager, Federal Transfer Center, Oklahoma City, Oklahoma. However, the proper respondent in an action for federal habeas relief brought pursuant to 28 U.S.C. § 2241 is the person with custody over the petitioner – here, the warden of the facility where the petitioner is confined. *See* 28 U.S.C. § 2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent [in a habeas case] is the warden of the facility where the prisoner is being held."); *Von Kahl v. United States*, 321 Fed. Appx. 724, 726 n. 1 (10th Cir. March 27, 2009) (unpublished op.) ("A § 2241 petition is properly addressed to the person with custody over the petitioner . . . generally the warden of the facility where the petitioner is held."). At the time Petitioner filed the instant petition, he was confined at the Federal Transfer Center in Oklahoma City, Oklahoma. Respondent Paul A. Kastner is the warden of that facility and the only proper respondent in this action. Accordingly, B. Edward should be dismissed from this action.

[2] Petitioner filed an Amended Petition [Doc. #9] on June 10, 2010, after the Court determined the initial petition should be summarily dismissed on grounds that the allegations were too vague and conclusorily to allow meaningful review of Petitioner's claims. *See* Report and Recommendation (May 26, 2010) [Doc. #7]. The District Judge recommitted the matter to the undersigned upon Petitioner's filing of the Amended Petition. *See* Order (June 14, 2010) [Doc. #10].

Following the Court's initial review of Petitioner's Amended Petition, the Court directed Respondent to file a limited preliminary response addressing the issue of exhaustion of other federal remedies. *See Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (noting that district court's practice of calling for a limited response to habeas petition on issue of exhaustion of administrative remedies was "in the interest of judicial efficiency" and a "proper exercise of discretion"). Respondent filed a Response [Doc. #15] asserting that Petitioner has failed to exhaust his available federal remedies. Respondent has attached to the Response documents reflecting the administrative remedies available to Petitioner and a Declaration of James R. Crook. Petitioner has filed a Reply [Doc. #17].[3] For the reasons set forth below, it is recommended that the Petition be dismissed for failure to exhaust available federal remedies.

## **Analysis**

Petitioner was incarcerated at the Federal Transfer Center (FTC) in Oklahoma City in March 2010 when he filed his original § 2241 petition. At that time, Petitioner was in the process of being transferred from USP Atwater, in Atwater, California, to FCI Petersburg, Medium, Petersburg, Virginia. While at the FTC, Petitioner alleges he requested transfer to a residential reentry center (RRC). *See* 18 U.S.C. § 3624(c) (addressing prerelease custody);

---

[3] Petitioner has also filed a Motion for Relief [Doc. #18] which is virtually incomprehensible but appears to relate to a telephone hearing held by a judge in a "Colorado court." The Court has reviewed this Motion and concludes that it adds nothing material to the factual record or legal arguments pertinent to whether Petitioner has exhausted his administrative remedies.

*see also* 28 C.F.R. § 570.20 (Bureau of Prisons procedures for designating inmates to pre-release community confinement or home detention).

Petitioner claims Respondent, Warden Kastner, and Unit Manager, B. Edward, told him he could not get a transfer to an RRC and made no attempt to facilitate his transfer to an RRC. He further claims Kastner and Edward refused to conduct a "professional review" to determine Petitioner's eligibility for transfer to an RRC. As relief, Petitioner seeks immediate placement in an RRC. As discussed, in response to the Court's order for preliminary response, Respondent asserts that Petitioner has failed to exhaust administrative remedies before commencing this action.

Although § 2241 contains no express language requiring exhaustion of administrative remedies, Tenth Circuit precedent requires exhaustion as a prerequisite for § 2241 habeas relief. *See Garza v. Davis*, 596 F.3d at 1203. In *Garza*, a federal prisoner sought § 2241 relief on grounds similar to those raised by Petitioner. Mr. Garza alleged that the Bureau of Prisons (BOP) was categorically denying review and transfer of eligible inmates to lower-security facilities such as RRCs and community correction centers (CCCs), in violation of 18 U.S.C. §§ 3621(b) and 3624(c). The district court dismissed the § 2241 petition due to Mr. Garza's failure to exhaust administrative remedies, and the Tenth Circuit affirmed the dismissal.

Mr. Garza claimed that it would be futile to require exhaustion because the BOP was categorically denying transfers and, therefore, had predetermined the issues raised by Mr.

Garza. Although the Tenth Circuit recognized that futility is a "narrow exception" to the exhaustion requirement, the Court determined Mr. Garza had failed to establish that exhaustion would be futile. *Id.*, 596 F.3d at 1204.

Here, the record clearly shows Petitioner has not exhausted available BOP remedies.[4] As Respondent has demonstrated, Petitioner has not filed any administrative remedies pertaining to his request for placement in an RRC. *See* Response at 5 ("There is no record of Petitioner filing an administrative remedy request for transfer to or placement at an RRC for the final 14 years of his sentence."); *see also id.*, Exhibit 2, Declaration of James D. Crook, ¶ 7. Significantly, in his Reply, Petitioner does not dispute that he has not filed any administrative remedies addressing this matter.

Additionally, unlike Mr. Garza, Petitioner does not claim exhaustion would be futile because of any categorical denial by the BOP. Indeed, Petitioner does not allege futility on any grounds.[5] Instead, in the Amended Petition, Petitioner claims Warden Kastner and Unit

---

[4]As the Tenth Circuit explained in *Garza*:

BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. See 28 C.F.R. §§ 542.13-14. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal. Id. § 542.15(a).

*Garza*, 596 F.3d at 1204; *see also*, Respondent's Response at 3-4 and Exhibit 2, Crook Declaration (setting forth BOP's administrative remedy procedure).

[5]The Court, therefore, does not address any issue of futility.

4

Manager Edward thwarted his efforts to exhaust administrative remedies.[6] Even if this were true, however, Petitioner has since been transferred and has not shown that prison officials at his current place of confinement, FCI Petersburg, Medium, Petersburg Virginia, have thwarted his abilities to pursue administrative exhaustion of his claims. Nor does Petitioner allege that he has even attempted to seek administrative redress at his current place of confinement.

On the record presented, Petitioner has not exhausted administrative remedies nor has he shown exhaustion would be futile. As the Tenth Circuit concluded in *Garza*, and as applicable here, Petitioner "must go through the administrative remedy process as a prerequisite to filing a habeas petition." *Id.*, 596 F.3d at 1205. Accordingly, this action should be dismissed for failure to exhaust administrative remedies.

## RECOMMENDATION

It is recommended that Petitioner's Amended Petition [Doc. #9] seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed for failure to exhaust administrative remedies. Petitioner's "Motion for Relief" [Doc. #18] should be denied as moot.

---

[6]Petitioner includes allegations that Warden Kastner and Unit Manager Edward, in thwarting his efforts, have subjected Petitioner to "cruel and unusual punishment" and that he is suing these persons in both their "individual and official capacity." Petitioner's allegations suggest that he may seek additional relief beyond that available pursuant to 28 U.S.C. § 2241. To the extent Petitioner seeks monetary damages for violations of his federal constitutional or statutory rights, such claims are not cognizable in this § 2241 action. *See generally McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-812 (10th Cir.1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (internal quotation marks omitted).

5

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August 20th, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of July, 2010.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE